■ FLAVIO N. OCHOA et al., Appellants, et al., Plaintiffs, v JUSTIN DROZ et al., Respondents. [2 NYS3d 157]—

In an action to recover damages for personal injuries, the plaintiffs Flavio N. Ochoa and Isauro Ochoa appeal from an order of the Supreme Court, Queens County (Rosengarten, J.), dated June 17, 2013, which granted the defendants' motion for summary judgment dismissing the complaint insofar as asserted by them on the ground that neither of them sustained a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident.

Ordered that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint insofar as asserted by the plaintiffs Flavio N. Ochoa and Isauro Ochoa is denied.

The defendants did not establish, prima facie, that the plaintiff Flavio N. Ochoa did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers submitted by the defendants failed to adequately address Flavio's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102 (d) (*see Che Hong Kim v Kossoff*, 90 AD3d 969 [2011]). Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by Flavio Ochoa in opposition were sufficient to raise a triable issue of fact (*see Che Hong Kim v Kossoff*, 90 AD3d at 969).

The defendants met their prima facie burden of showing that the plaintiff Isauro Ochoa did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d at 356-357; *Gaddy v Eyler*, 79 NY2d at 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of Isauro's spine and to his left knee did not constitute serious injuries under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see Staff v Yshua*, 59 AD3d 614 [2009]).

In opposition, however, Isauro raised triable issues of fact as to whether he sustained serious injuries to the cervical and lumbar regions of his spine and to his left knee (*see Perl v Meher*, 18 NY3d 208, 218-219 [2011]).

Therefore, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint insofar as asserted by Flavio N. Ochoa and Isauro Ochoa. Mastro, J.P., Chambers, Cohen and Barros, JJ., concur.